UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ALLISON FECTEAU,                )
                                )
            Plaintiff            )
                                )
v.                              )   No. 2:17-cv-00160-JHR
                                )
NANCY A. BERRYHILL,             )
Deputy Commissioner for Operations, )
Performing the Duties and Functions )
Not Reserved to the Commissioner )
of Social Security,             )
                                )
            Defendant            )

## MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, in determining her residual functional capacity ("RFC"), the ALJ failed to include any functional limitations attributable to her migraine headaches. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 3-4.[2] I find no error and, in the alternative, conclude that any error is harmless. Accordingly, I affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 21.

[2] In her statement of errors, the plaintiff also raised issues concerning her impairments of depression and carpal tunnel syndrome as bases for remand. *See* Statement of Errors at 4-12. At oral argument, her counsel formally waived these claims of error, and, accordingly, I do not address them.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, Finding 1, Record at 25; that she had the severe impairments of cervical degenerative disc disease, migraines, obesity, lumbar spondylosis, and sacroilitis, Finding 3, *id*.; that she had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she could lift and/or carry 50 pounds occasionally and 25 pounds frequently, sit for six hours and stand and/or walk for six hours in an eight-hour workday, and frequently crawl, crouch, kneel, stoop, and climb ladders, ropes, and scaffolds, Finding 5, *id*. at 28; that she was capable of returning to her past relevant work as a cashier, customer service clerk, and psychiatric aide, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id*. at 33; that, in the alternative, considering her age (39 years old, defined as a younger individual, on her alleged disability onset date, October 15, 2012), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, *id*. at 33-34; and that she, therefore, had not been disabled from October 15, 2012, through the date of the decision, February 18, 2016, Finding 7, *id*. at 34. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

In the alternative, the ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The sole issue remaining in this appeal concerns the sufficiency of the ALJ's findings of fact with respect to the plaintiff's migraines. At her administrative hearing, the plaintiff testified that she suffered migraines at the rate of "probably three a week" that caused her to be "down for probably most of the day – actually most of the day." Record at 130-31.

The ALJ deemed the plaintiff's migraines severe, *see* Finding 3, *id.* at 25, but made no findings concerning their frequency and assessed no RFC limitations stemming from them, *see id.* at 28-33. Neither the ALJ nor the plaintiff's counsel posed questions to a vocational expert ("VE")

3

present at the plaintiff's hearing regarding the impact that any migraine-related limitations would have had on her ability to work. *See id*. at 138-42.

The plaintiff argues that the ALJ "failed to make the necessary critical assessment of frequency [of migraines] and ask the [VE] to assess the[ir] impact on her ability to work a 40 hour week on an ongoing basis as contemplated in [Social Security] Ruling 96-8p [("SSR 96-8p")]." Statement of Errors at 4. She contends that this was reversible error in view of her testimony that, as of the time of the hearing, she was having "probably three" migraines per week, and that the ALJ impermissibly interpreted raw medical evidence in concluding that her migraines imposed no restriction on her ability to work. *Id.* (quoting Record at 131); *see also, e.g., Staples v. Astrue*, Civil No. 09-440-P-S, 2010 WL 2680527, at *5 (D. Me. June 29, 2010) (rec. dec. *aff'd*, July 19, 2010) ("While it is the claimant's burden at Step 4 to produce evidence of his RFC, the commissioner's determination at Step 4 regarding RFC must be supported by substantial evidence. The First Circuit has held, and has reaffirmed on several occasions, that an [ALJ], as a layperson, is not qualified to assess RFC based on raw medical evidence, except to the extent that commonsense judgments regarding RFC can be made.") (citations omitted).

Yet, as the commissioner rejoins, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 17) at 2-3, both of these points miss the mark.

While SSR 96-8p addresses the assessment of a claimant's RFC, it imposes no obligation to specify the frequency of intermittent symptoms. SSR 96-8p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2017), at 142-50.

Moreover, the ALJ did not construe raw medical evidence in determining that the plaintiff's migraines, while severe, imposed no functional limitations. Rather, he relied on the opinions of two agency nonexamining consultants, Donald Trumbull, M.D., and Myron Watkins,

M.D., neither of whom assessed such limitations. *See* Record at 33,148-49, 170-71. Drs. Trumbull and Watkins noted, in relevant part, that the plaintiff had a history of severe migraines that "appeared to be coming under better control" and that they could not verify that she had a frequency of one to two migraines per week for purposes of assessing whether her migraine impairment met the criteria of Listing 11.03, Appendix 1 to 20 C.F.R. Part 404, Subpart P. *See id.* at 148, 170.[3]

As this court has previously noted, "a finding of a severe impairment need not always result in limitations in an RFC." *Burns v. Astrue*, No. 2:11-cv-151-GZS, 2012 WL 313705, at *4 (D. Me. Jan. 30, 2012) (rec. dec. *aff'd*, Feb. 21, 2012). In *Burns,* the court rejected a claimant's argument that an ALJ had erred in excluding "limitations on concentration" attributable to a severe impairment, attention deficit hyperactivity disorder ("ADHD"), noting that the record indicated that, "once controlled by medication, [the claimant's ADHD] did not impose significant limitations on [her] ability to perform work-related activities." *Id.*

The ALJ made similar findings in this case, concluding that "the [plaintiff]'s statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely credible[.]" Record at 29. He noted, for example, that, "[d]espite [the plaintiff's] severe complaints, examinations were essentially benign[,]" "records reflect[ed] controlled migraines with Botox[,]" and the plaintiff "related an excellent response to Relpax for migraines." *Id.* at 32. The plaintiff does not challenge this credibility determination. *See* Statement of Errors at 3-4.[4]

---

[3] At oral argument, the plaintiff's counsel contended that any reliance on the opinions of Drs. Trumbull and Watkins was misplaced because they also erred in assessing no limitations attributable to her migraine headaches. This argument, which, as counsel for the commissioner noted, was not raised in the statement of errors, *see* Statement of Errors at 3-4, is waived, *see, e.g., Farrin v. Barnhart,* No. 05-144-P-H, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

[4] In summarizing the medical evidence of record, the ALJ made numerous other pertinent observations, none of which the plaintiff challenges, including that (i) she reported a 50 to 66 percent reduction in the frequency of migraines

In any event, as the commissioner argues in the alternative, even if the ALJ erred in failing to assess migraine-related limitations, any error is harmless. As the commissioner observes, *see* Opposition at 4, in *Courtney v. Colvin*, Civil No. 2:13-cv-72-DBH, 2014 WL 320234 (D. Me. Jan. 29, 2014), as here, a claimant "complain[ed] that the [ALJ] made no finding about the frequency, severity, or duration of the headaches that he found to be a severe impairment[,]" *Courtney*, 2014 WL 320234, at *2. Yet, as here, she "point[ed] only to her own testimony concerning any possible effect of her headaches on her ability to work." *Id*. at *4. The court held "that the [claimant's] failure to identify medical evidence of limitations caused by her headaches on her ability to perform work-related functions means that she is not entitled to remand[.]" *Id.*

The same is true here. As the commissioner notes, *see* Opposition at 2 n.1, "the claimant bears the burden of proving the limitations that factor into the [c]ommissioner's [RFC] finding[,]" *Bard v. Soc. Sec. Admin. Comm'r*, 736 F. Supp.2d 270, 276 (D. Me. 2010). The plaintiff identifies no evidence, apart from her own testimony at hearing, documenting the frequency, intensity, duration, or functional effects of her migraine symptoms. *See* Statement of Errors at 3-4.[5] Yet, as discussed above, the ALJ did not find her statements entirely credible, and she has not separately challenged that finding.

---

following her treatment with Botox injections, *see* Record at 30, (ii) at times, she denied having headaches or migraines to her treatment providers, *see id*. at 32, (iii) she neither went to an emergency room nor was she hospitalized for her migraine condition, *see id*. at 31, (iv) she "reported a substantial improvement in headaches/migraines with medication and . . . admitted taking breaks in Botox therapy despite the significant positive response to it[,]" *id.*, (v) her treating physician, John Dolan, D.O., "opined the headache syndrome was under much better control[,]" *id*. at 30, and (vi) her "activities reflect[ed] a greater level of functioning than alleged[,]" *id*. at 31.

[5] At oral argument, the plaintiff's counsel asserted that his client would be periodically off task at work, sometimes for hours, as a result of her migraines. However, he cited no record evidence in support of that proposition.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **AFFIRMED.**

Dated this 20th day of April, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge